## Case No. 4,932.

In re FORD et al.

[18 N. B. R. 426.] [1]

District Court, S. D. New York. Sept. 18, 1878.

T. Saunders, for bankrupts.

E. F. Brown, for creditors.

CHOATE, District Judge. This case comes up on the certificate of the register of proceedings taken before him for the re-examination of claims of two alleged creditors of the bankrupts, and has been argued as a motion to expunge the proofs of debts, which were allowed by the register. The application for re-examination was made by the bankrupts pending proceedings for a composition. The case is not therefore strictly within general order No. 34, which regulates re-examinations of claims on motion of an assignee or a creditor. After the testimony was taken before the register, the attorneys for the bankrupts and the alleged creditors whose claims were in dispute, entered into a stipulation in writing referring the matter to the register to hear and determine. As originally drawn the stipulation contained the word "finally," but at the suggestion of the bankrupt's attorney the word "finally" was stricken out. It is now claimed by the creditors that the decision of the register is final and conclusive, either on the ground that the submission was in the nature of an arbitration or on the ground that it was a reference under the New York Code to hear and determine, and that the decision of the referee is final because exceptions have not been filed within the time limited by the Code.

[1] [Reprinted by permission.]

Neither position is well taken. It is not competent for a creditor and the bankrupt to submit to arbitration the question of the amount due to the creditor from the estate of the bankrupt. That is not one of the methods appointed by the bankrupt law for ascertaining the claims upon the estate. Such an agreement would seriously affect the rights of other creditors, and they have a right to have all creditors' claims determined in the mode appointed by law. Nor does the stipulation purport to be a submission to arbitration. It seems to have been resorted to as a convenient mode of declaring the testimony closed, and of submitting the questions arising on the testimony to the register, and there is nothing to show that either party intended that in passing on those questions the register should exercise any other than his ordinary powers in similar cases. The Code of New York has no application to bankruptcy proceedings, and there is nothing in the stipulation to show that the parties intended to make its provisions applicable to this case, even if it was competent for them to do so. The decision of the register is therefore subject to the review of this court.

The claim of one of the creditors, Joseph Warren, is on two promissory notes given by the bankrupts to Warren & Howard for value, and Joseph Warren became the indorsee thereof after their maturity and dishonor. They are therefore subject to the same defences as if held by Warren & Howard. In July, 1875, the bankrupts were indebted to the firm of Warren & Howard, mainly for goods sold and delivered, in about fourteen thousand five hundred dollars, for which Warren & Howard held the bankrupt's notes, in all about twelve thousand dollars, including the two notes now held by Joseph Warren—the balance of the debt was due on open account. As security for this debt, the bankrupts transferred to Warren & Howard thirteen shares of the capital stock of the Christian Union Publishing Co. On the 4th of January, 1876, Warren & Howard surrendered to the bankrupts a large number of the notes held by them, and signed an agreement to take up and surrender others, including the two now in question. On the same day they received the bankrupts' checks for eleven hundred and fifty dollars.

There is some conflict of testimony as to the consideration for this agreement, but, upon all the evidence, I am satisfied that it was then agreed between the parties that the stock held by the creditors should be taken, together with the cash payment then made, in satisfaction of the debt. This view of what took place, testified to by Mr. Ford, is far more consonant with the written evidence, and a far more probable account of the transaction than that given by Mr. Warren, according to which the stock still remained as security. Upon his statement of the mat-

ter I can see no occasion whatever for the surrender of the notes or the giving of the agreement of January 4, 1876. The notes held by Warren, therefore, must be treated as paid, and his claim must be expunged.

The claim of Warren & Howard is on three notes, one for one thousand six hundred and thirty dollars and forty-nine cents, and two for one thousand two hundred and ninety dollars and forty-three cents each. As to the last named, it was shown by the testimony, and not disputed, that they belonged to another party to whom Warren & Howard had transferred them, and that there is an agreement between Warren & Howard and the holder that Warren & Howard should prove the debt and receive the dividend, and pay it to the holder. The claimant must, in his deposition of proof, swear that the amount of his claim is justly due from the bankrupt to him. Section 5077. It is obvious, therefore, that the holder and owner of the note can alone make the proof. And the proof made on these notes must be expunged. As to the note of one thousand six hundred and thirty dollars and forty-nine cents. which appears not to have been included within the release of notes affected on the 4th of January, it is subject to an offset for a larger amount due to the bankrupts by the failure of Warren & Howard to take up and surrender other notes mentioned in the agreement of that date, and therefore the proof of this claim should also be expunged. Ordered accordingly.